IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HURTADO USA, INC. )
)
          Plaintiff, )
)
          v. )    1:05CV00641
)
AMERICAN SAFETY AND INDEMNITY )
COMPANY and AMERICAN SAFETY )
CASUALTY INSURANCE COMPANY, )
)
          Defendants. )

**MEMORANDUM OPINION AND ORDER**

This case involves an insurance dispute that comes before the Court on defendants' motion to have the case dismissed under Fed. R. Civ. P. 12(b)(6). The facts of the case, as alleged in the complaint, are as follows.

Plaintiff is a corporation engaged in wholesaling furniture and home furnishings in High Point, North Carolina. Defendants are insurance companies. Plaintiff claims that American Safety Indemnity Company is owned and operated by American Safety Casualty Insurance Company. Plaintiff then refers to the defendants collectively as "American Safety" throughout the complaint. For this reason, it appears as if it is making almost all of the allegations in the complaint against both defendants.

Plaintiff states that it paid the premiums on, and had in effect, an insurance policy covering a property in High Point. This property included a showroom. The policy, which was issued by American Safety Indemnity Company, was for property damage and liability.

On September 10, 2004 "an incident occurred where water from wind driven rain intruded through the front wall of the showroom into the interior" of plaintiff's building. (Complaint ¶ 6) Plaintiff allegedly notified defendants of the damage and asked for coverage under the policy. Defendants then sent Puroclean of the Triad to evaluate the damage. However, defendants, through another agent corporation, later informed plaintiff that the damage was not covered under the policy. Plaintiff claims it sought reconsideration of the denial of coverage, but defendants did not respond. Plaintiff then filed this lawsuit.

In its complaint, plaintiff first asks for a declaratory judgment concerning the rights and obligations of the parties under the insurance policy. It then raises a claim for breach of contract based on defendants' alleged failure to pay for covered damages under the policy. Finally, plaintiff contends that defendants' actions constitute unfair or deceptive trade practices under N.C. Gen. Stat. § 75-1.1 and it seeks trebled damages, attorney fees, and costs for this violation.

### Legal Standards

Defendants have responded to plaintiff's complaint by filing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). A motion to dismiss under this rule cannot succeed "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief.'" Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828, 114 S.Ct. 93, 126

L.Ed.2d 60 (1993)(quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Further, the Court must assume that the allegations in the complaint are true and construe them in the light most favorable to plaintiff. Id.

### Discussion

Defendants' central argument in favor of dismissal is that the damage alleged in the complaint does not entitle plaintiff to coverage under the policy referred to by the complaint. Naturally, such an argument is necessarily grounded in the actual language of the insurance policy in question. Because that policy is not set out in or attached to the complaint, defendants have supplied what they say is the policy as Exhibit A attached to their brief supporting their motion to dismiss. They assert, relying on Coley v. North Carolina National Bank, 41 N.C. App. 121, 126, 254 S.E.2d 217, 220 (1979), that the policy can be considered by the Court without converting their motion to dismiss into one for summary judgment.

Plaintiff questions whether the Court can and should consider the policy submitted by defendants and also notes that the policy is "uncertified" and only "purported" to be the policy referred to in the complaint.[1] However, the Court need not delve deeply into these questions because, even if the policy is the proper policy

---

[1] At summary judgment, the Court will unquestionably be able to consider the policy language and plaintiff will need a good faith basis for showing that the language cited by defendants is not the language of the policy applicable to this case.

-3-

and can be considered in deciding defendants' motion, the motion still cannot be granted.

As defendants point out, plaintiff "'has the [initial] burden of bringing itself within the language of the policy.'" (bracket in original) John S. Clark Co., Inc. v. United Nat'l Ins. Co., 304 F. Supp. 2d 758, 764 (M.D.N.C. 2004)(quoting Wm. C. Vick Const. Co. v. Pennsylvania Nat'l Mut. Cas. Ins. Co., 52 F. Supp. 2d 569, 580 (1999), aff'd, 213 F.3d 634 (4th Cir. 2000)(table)). Still, this phrase has a very different meaning depending on whether it is used in the context of a motion to dismiss, as it was in John S. Clark, or whether it is used when deciding a motion for summary judgment, as in Wm. C. Vick. At the motion to dismiss stage, only notice pleading is required. Because the complaint is considered true and all inferences are drawn in plaintiff's favor, the "burden" on plaintiff to state a claim for relief is minimal and is not in any sense an evidentiary burden. Essentially, defendants' motion can only succeed if plaintiff failed to plead elements of its claims or pled facts that would affirmatively show that it was not entitled to coverage.

According to defendants' argument based on the policy they submit, some types of damage from rain water intrusion are covered, while others are not. They contend that damage to the interior of buildings caused by rain water is not covered unless the roof or walls of the buildings are first damaged directly by wind or hail. They then assert that, because the complaint does not specifically and explicitly allege that plaintiff's building was damaged by wind

or hail in a way that then led to the water intrusion, it fails to state a claim under the policy.

Plaintiff raises questions concerning defendants' interpretation of the policy, and these alone might require denial of defendants' motion.[2] However, the real problem for defendants is that, even assuming that the policy means what they claim it does, dismissal is not appropriate because they cannot show that there exists no set of facts under which plaintiff can recover. In fact, defendants' argument actually admits that there is a potential set of facts that would allow plaintiff to succeed with its claim, i.e. if plaintiff's building suffered wind or hail damage that then allowed rain water to enter.

Defendants try to avoid this reality by stating that plaintiff's complaint does not specifically allege that wind or hail damage preceded the intrusion by the water. However, defendants have not shown that such a specific allegation is necessary. In fact, the cases they cite to on this point involve situations where parties pled facts that affirmatively showed that they were not entitled to coverage. See, e.g., John S. Clark, 304 F. Supp. 2d at 763, 768 (plaintiff explicitly alleged coverage for faulty workmanship, but policy did not cover this type of loss); Mastrom, Inc. v. Continental Cas. Co., 78 N.C. App. 483, 487-488, 337 S.E.2d 162, 165 (1985)(no coverage where a policy covered

---

[2]At summary judgment, plaintiff should be mindful that there is precedent, some of it apparently binding, which has previously construed similar or identical language in other policies. See Abady v. Hanover Fire Ins. Co., 266 F.2d 362 (4th Cir. 1959); Commercial Carving Ins. Co. v. Manhattan Fire and Marine Ins., 191 F. Supp. 753 (M.D.N.C. 1961).

-5-

Case 1:05-cv-00641-UA-RAE   Document 13   Filed 11/16/05   Page 5 of 9

damages arising out of accounting and the alleged cause of the loss did not so arise). To make an equivalent allegation here, plaintiff would have needed to allege that no wind or hail damage occurred and that the water intruded in some other way. It has not done so.

What plaintiff has alleged is that water intruded into its showroom and caused damage covered by the policy. This statement does not say that the water intruded after wind or hail damage, but it also does not say that it did not intrude after such damage. Therefore, if predicate wind or hail damage is the critical issue in the case, the complaint is ambiguous on the issue through its silence. Defendants would have the Court infer that plaintiff is alleging that there was no preceding wind or hail damage. However, given the fact that plaintiff goes on to claim that defendants wrongly denied coverage, it is equally or even more plausible to infer that plaintiff believes that wind or hail damage occurred first. In any event, in deciding a motion to dismiss, the Court must draw all inferences in favor of plaintiff, not defendants.

In a further attempt to get the Court to draw the inference in their favor, defendants state that if wind or hail damage had occurred, "Plaintiff would have claimed any damage to the siding of its building and demanded payment for the same had the exterior of the building actually sustained damages." (Defs. Brf. at 8) Of course, this assertion cannot help defendants because it engages in suppositions in defendants' favor which extend far beyond the actual complaint.

Overall, defendants have produced the policy and made strong arguments about the meaning of its language. However, for them to prevail, the Court would first have to make factual findings in their favor regarding how and when the water intruded into plaintiff's building. Certainly, this question can, and likely will, be fully explored in discovery and defendants can raise their arguments again at summary judgment if they wish. For now though, it would be inappropriate for the Court to make such findings. Plaintiff's complaint is sufficient to state claims based on defendants' denial of coverage under the insurance policy in question and defendants' motion should be denied as to plaintiff's first two claims for relief.[3]

There are two remaining matters associated with defendants' motion which need to be addressed. First, they have moved for dismissal of plaintiff's unfair or deceptive trade practices claim. Their argument in favor of dismissal of this claim is that it is based on defendants' allegedly improper denial of coverage as described in the first two claims for relief, those claims should be dismissed, and the unfair or deceptive trade practices claim should be dismissed as well. Of course, because the first two claims are not being dismissed, defendants' motion will also be denied as to the unfair or deceptive trade practices claim.

---

[3] Defendants cannot complain that plaintiff's complaint does not give them notice of the situation and the possible claims facing them. Moreover, at this stage, defendants have even more information. In response to the motion to dismiss, plaintiff submits materials showing that it has some basis to argue that wind damage did occur to the front wall of its showroom and that this allowed water to enter the building and cause further damage. (Ana Hurtado Aff. ¶¶ 11) It also states that this finding was made by one of defendants' adjusters. (Id.)

-7-

Second, defendants have moved to have defendant American Safety Casualty Insurance Company dismissed because only defendant American Indemnity issued the applicable policy and defendant America Safety is an entirely separate company which allegedly owns and operates American Indemnity. While it is true that the complaint makes these allegations, it is also true that it then collectively refers to the two companies as "defendants" and uses that term in all further allegations. Therefore, the substantive allegations refer to both defendants and allege that both defendants actively participated in the events giving rise to the complaint.

Defendants cite cases dealing with piercing the corporate veil and argue that plaintiff has not alleged sufficient facts to do so here. However, if both defendants acted as principals in the events alleged, piercing the corporate veil may not be an issue in the case. Defendants may not define plaintiff's claim for plaintiff. Moreover, all of defendants cases deal with contexts where evidence has been submitted on the matter and findings of fact can be made. See Keffer v. H.K. Porter Co., Inc., 872 F.2d 60 (4th Cir. 1989)(summary judgment); DP Environmental Services., Inc. v. Bertlesen, 834 F. Supp. 162 (M.D.N.C. 1993)(motion to dismiss for lack of personal jurisdiction); Glenn v. Wagner, 313 N.C. 450, 329 S.E.2d 326 (1985)(jury instructions at trial). None of these cases shows that plaintiff has not stated a claim against both defendants. This is again an instance where facts need to be developed and properly submitted in the record before a decision

-8-

can be made. Defendants' motion to dismiss will be denied in its entirety.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (docket no. 3) be, and the same hereby is, denied without prejudice to defendants raising their arguments again at summary judgment.

_____
**United States Magistrate Judge**

November 16, 2005